# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

CRISTY WAUGH,               )
                                    )
      Plaintiff,        )
                                    )    No.: _____
      v.                     )
                                    )
ABF FREIGHT SYSTEM, INC. and  )
CHRISTOPHER TAYLOR,        )
                                  )
      Defendants.     )

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Come now Defendants, by counsel, Robert D. Hawk, Jr. and Kopka Pinkus Dolin PC, and for their Answer to Plaintiff's Complaint state as follows:

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph I of Plaintiff's *Complaint* and the same are therefore denied.

2. Defendants admit that Defendant, Chris Taylor, was traveling within the State of Indiana on September 20, 2019. The Defendants deny any remaining allegations contained in paragraph 2 of Plaintiff's *Complaint*.

3. The Defendants admit that on September 20, 2019, Defendant, Chris Taylor, was traveling within the State of Indiana, operating a semi-tractor-trailer unit owned by Defendant, ABF Freight System, Inc. The Defendants deny any remaining allegations contained in paragraph 3 of Plaintiff's *Complaint*.

4. The Defendants admit on September 20, 2019, Defendant, Chris Taylor, was traveling within the State of Indiana, operating a semi-tractor-trailer unit owned by Defendant,

ABF Freight System, Inc. within the course and scope of his employment with Defendant, ABF Freight System, Inc.

The Defendants admit all duties imposed by Indiana law, but deny that Plaintiff has properly plead the same. The Defendants deny any remaining allegations contained in paragraph 4 of Plaintiff's *Complaint*.

5. The Defendants admit that the Plaintiff, Cristy Waugh, was operating her vehicle eastbound on Interstate 469 in Allen County, Indiana. The Defendants deny any remaining allegations contained in paragraph 5 of Plaintiff's *Complaint*.

6. The Defendants admit that Defendant, Chris Taylor, was operating a semi-tractor-trailer unit eastbound on Interstate 469 in Allen County, Indiana. The Defendants deny any remaining allegations contained in paragraph 6 of Plaintiff's *Complaint*.

7. The Defendants deny the allegations contained in paragraph 7 of Plaintiff's *Complaint*.

8. The Defendants admit all duties imposed by Indiana law, but deny that Plaintiff has properly plead the same. The Defendants deny any remaining allegations contained in paragraph 8 of Plaintiff's *Complaint*.

9. The Defendants admit that the semi-tractor-trailer unit, operated by Defendant, Chris Taylor, was a commercial motor vehicle. The Defendants admit all duties imposed by Indiana law, but deny that Plaintiff has properly plead the same. The Defendants deny any remaining allegations contained in paragraph 9 of Plaintiff's *Complaint*.

10. The Defendants admit all duties imposed by Indiana law, but deny that Plaintiff has properly plead the same. The Defendants deny any remaining allegations contained in paragraph 10 of Plaintiff's *Complaint*.

11.     The Defendants admit all duties imposed by Indiana law, but deny that Plaintiff has properly plead the same.  The Defendants deny any remaining allegations contained in paragraph 11 of Plaintiff's *Complaint*.

12.     The Defendants deny the allegations contained in paragraph 12 of Plaintiff's *Complaint*.

13.     The Defendants deny the allegations contained in paragraph 13 of Plaintiff's *Complaint*.

14.     The Defendants deny the allegations contained in paragraph 14 of Plaintiff's *Complaint*.

## AFFIRMATIVE DEFENSES

Come now Defendants, by counsel, Robert D. Hawk, Jr. and Kopka Pinkus Dolin PC, and for their Affirmative Defenses state as follows:

1.     That any allegation contained in Plaintiff's *Complaint* not specifically admitted, denied, or controverted, are now specifically denied.

2.     The Defendants hereby reserve the right to add additional affirmative defenses as they become known through the process of discovery or otherwise known.

3.     The Plaintiff failed to mitigate her damages.

4.     The fault of Plaintiff, as defined in the Indiana Comparative Fault Act, I.C. 34-6-2-45 is greater than fifty percent (50%) of the total fault involved, and/or is greater than the fault of all persons whose fault proximately contributed to her alleged damages, and therefore, Plaintiff's action is barred against the Defendants pursuant to I.C. 34-51-2-6, or in the alternative, the fault of the Plaintiff, as defined pursuant to state law, will proportionately diminish any sums, if at all, to be rendered to and in favor of the Plaintiff, as damages pursuant to the claim for relief asserted

in the *Complaint*.

5.      Plaintiff's claims should be reduced by her comparative fault.

6.      Plaintiff's claim is barred because her comparative fault may exceed fifty percent (50%).

7.      Defendants did not proximately cause Plaintiff's alleged damages and injuries, if any.

8.      Defendant is entitled to a credit or setoff for any and all collateral source payments made to or on behalf of the Plaintiff herein.

9.      The Defendants are entitled to a credit or setoff of all sums paid to Plaintiff or on her behalf, or by any third party to the Plaintiff.

10.      Plaintiff failed to exercise due care for her own safety.

11.      Plaintiff knowingly and voluntarily assumed and/or incurred the risk of injury.

12.      That any and all injuries, sustained by Plaintiff, were the proximate result of a sudden emergency, not of the Defendants' making, for which the Defendants are not liable.

13.      Defendant contests the nature, extent and severity of the Plaintiff's claimed injuries.

14.      The expenses, including but not limited to medical expenses, alleged and claimed by the Plaintiff have been satisfied for an amount less than the amount billed; the Defendants reserve the right to introduce evidence as to the amount paid to satisfy Plaintiff's claimed expenses.

15.      The Defendants herein are entitled to introduce evidence pursuant to *Stanley v. Walker*, 906 N.E.2d 852 (Ind. 2009) and *Patchett v. Lee*, 60 N.E.3d 1025 (Ind. 2016).

WHEREFORE, Defendants, ABF Freight System, Inc. and Christopher Taylor, respectfully request that this Honorable Court enter judgment in their favor and against the Plaintiff, and for all other relief that is just and proper in the premises.

Respectfully submitted,

KOPKA PINKUS DOLIN PC

By: _/s/Robert D. Hawk_
Robert D. Hawk, Jr. (18690-45)

## **JURY DEMAND**

Defendants, by counsel, Robert D. Hawk, Jr. and Kopka, Pinkus, Dolin, PC, demand trial by jury as to all issues that may properly tried to a jury.

Respectfully submitted,

KOPKA PINKUS DOLIN PC

By: _/s/Robert D. Hawk_
Robert D. Hawk, Jr. (18690-45)

KOPKA PINKUS DOLIN PC
9801 Connecticut Drive
Crown Point, IN  46307
(219) 794-1888
(219) 794-1892 (fax)
rdhawk@kopkalaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of February, 2020, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system:

| | |
|---|---|
| Samantha C. Craig Stevens<br>Whitney Coker<br>Craig Kelley & Faultless LLC<br>5845 Lawton Loop East Drive<br>Indianapolis, IN  46216 | |

*/s/Kathleen M. Momcilovic*